IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HECTOR VARGAS TORRES,            :
                                 :
       Petitioner               :
                                 :
   v.                            :    CIVIL NO. 4:CV-16-703
                                 :
JAY LANE,                        :    (Judge Brann)
                                 :
       Respondent               :

## MEMORANDUM

May 18, 2016

**Background**

    Hector Vargas Torres, an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-Fayette), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Fayette Superintendent Jay Lane. Accompanying the Petition is an in forma pauperis application which will be granted for the sole purpose of the filing of this action with this Court. Service of the Petition has not yet been ordered.

    Petitioner's pending action does not challenge challenges the legality of his state court conviction or sentence. Rather, Torres states that he was transferred to SCI-Fayette on August 18, 2014. See Doc. 1, ¶ 9. Petitioner initially contends

that the prison's ventilation system emits voluminous amounts of ash like dust all year round. As a result of those emission, Torres has purportedly suffered multiple medical problems including migraine headaches, chest pain, chronic colds, and breathing difficulties. Petitioner further contends that the drinking water at SCI-Fayette is harmful and has also caused him to suffer health problems.

Petitioner concludes that the conditions of his SCI-Fayette confinement poses a threat to his personal safety. As relief, he seeks a transfer to a Behavior Management Unit at another Pennsylvania state correctional facility.[1]

## **Discussion**

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall

---

[1] Petitioner states that he is not pursuing civil rights claims under 42 U.S.C. § 1983 because he is seeking immediate injunctive relief. See Doc. 1, ¶ 17. Clearly, such relief is available in a § 1983 action.

2

> have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Torres does not provide the name of the court which imposed the Pennsylvania state sentence which he is presently serving. More importantly, his pending action does not attacking the legality of a conviction, guilty plea, or the resulting sentence.

Petitioner is presently confined at SCI-Fayette which is situated within the confines of the United States District Court for the Western District of Pennsylvania. See 28 U.S.C. § 118. Since Petitioner is not incarcerated within this district and he seeks relief regarding the conditions of his confinement at a correctional facility which is located within the Western District of Pennsylvania, this Court lacks jurisdiction under § 2241(d).

Title 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought. A district court may

3

transfer a habeas petition pursuant to § 1404(a).  See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the state prison which is the subject of this action as well as any records and witnesses, are located within the United States District Court for the Western District of Pennsylvania, it would be prudent to transfer this action to the Western District of Pennsylvania.[2]  An appropriate Order will enter.

                BY THE COURT:

                s/ Matthew W. Brann
                Matthew W. Brann
                United States District Judge

---

[2]  This Court offers no opinion as to whether Torres' pending claims are properly raised under § 2254.